**In the Matter of a Member of the Bar of the Supreme Court of the State of Delaware: Caroline Patricia AYRES, Respondent**

No. 306, 2002.

Supreme Court of Delaware.

Submitted: June 17, 2002.
Decided: July 8, 2002.

Barry W. Meekins of Brown, Shiels, Beauregard & Chasanov, Dover, Delaware, for Respondent.

Andrea L. Rocanelli, Wilmington, Delaware for the Office of Disciplinary Counsel.

Before VEASEY, Chief Justice, BERGER and STEELE, Justices.

PER CURIAM.

This is a lawyer disciplinary hearing. The Office of Disciplinary Counsel ("ODC") filed a petition for discipline against the respondent, Caroline Patricia Ayres ("Respondent"), alleging numerous violations of Respondent's professional duties, including: failing to pay various federal, state and local taxes between 1994 and 2000; filing inaccurate Certificates of Compliance with the Delaware Supreme Court; providing the ODC and its auditors with false and misleading information; engaging in conduct prejudicial to the administration of justice; and failing to fulfill numerous professional obligations to several of her clients.

On April 10, 2002, a panel of the Board on Professional Responsibility (the "Board") held a hearing to determine the appropriate sanction to recommend to this Court. The Respondent testified and counsel for the ODC and Respondent offered argument in support of a Stipulation of Admitted Facts and Violations and Joint Recommendation of Sanctions (the "Stipulation"). On May 30, 2002, the Board filed a report with this Court accepting the facts recited in the Stipulation and recommending a 3-year suspension.

In the Stipulation, the Respondent specifically admits that she: falsely represented to the Delaware Supreme Court, in her Certificates of Compliance filed between 1996 and 2000, that she had timely filed and paid all federal, state and local payroll, gross receipts and income taxes; concealed her failure to pay various federal, state and local taxes from the ODC and its auditor; failed to provide to the ODC the documentation necessary for an audit required as a condition of a private admonition issued in October 2001; with respect to one client, failed to provide competent representation, failed to act with reasonable diligence and promptness, failed to keep the client reasonably informed, failed to hold unearned fees in a trust account, failed to keep the client's property separate from her property, failed to take steps to protect the client's interest, and engaged in deceit and misrepresentation; with respect to another client, failed to act with reasonable diligence and promptness and failed to protect the client's interests upon withdrawal from representation; and, with respect to two other clients, failed to act with reasonable diligence and promptness. In connection with the conduct outlined above, Respondent admitted to violating Rules 1.1, 1.3, 1.4(a), 1.5(f), 1.15(a), 1.15(b), 1.16(d), 8.1(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct and Rule 7(c) of the Rules of Disciplinary Procedure.[1]

The Court has considered this matter carefully. We find the Board's recommendation of a 3-year suspension to be appropriate in light of the presence of the following aggravating factors: a substantial prior disciplinary record; a pattern of misconduct; multiple violations; and engaging in deceptive practices during the disciplinary process. We, therefore, accept the Board's findings and recommendation for discipline.

### Conclusion

The Board's report and recommendation is hereby ACCEPTED and is attached

---

1. The ODC agreed to dismiss several counts included in the petition for discipline, subject to an agreement with Respondent that the counts would be filed with the Board and reinstated in a renewed petition should Respondent violate the terms of the Stipulation.

hereto. Ayres shall be suspended from the practice of law for a period of 3 years beginning on the date of this Opinion and ending upon her reinstatement, for which application may be made on or after July 8, 2005.

During the period of suspension, Ayres shall conduct no act directly or indirectly constituting the practice of law, including the sharing or receipt of any legal fees. Ayres also shall be prohibited from having any contact with clients or prospective clients or witnesses or prospective witnesses when acting as a paralegal, legal assistant, or law clerk under the supervision of a member of the Delaware Bar.

Ayres shall comply with the notification requirements of Rules 21 and 23 of the Delaware Lawyers' Rules of Disciplinary Procedure.

Ayres shall pay the costs of these disciplinary proceedings.

This matter is hereby CLOSED. The ODC shall disseminate this Opinion in accordance with Rule 14 of the Delaware Lawyers' Rules of Disciplinary Procedure.